## Smith v. Commonwealth.

(Decided February 2, 1926.)

### Appeal from Letcher Circuit Court.

Intoxicating Liquors—Conviction for Possession of Whiskey Held Not Flagrantly Against Evidence.—Whether bottle thrown away by defendant contained whiskey or home brew or some other

intoxicant being for jury, conviction for possession of whiskey held not to be unsupported by, or flagrantly against, the evidence.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant was convicted of illegally possessing whiskey. As grounds for reversal of the judgment he urges only that the verdict is unsupported by and flagrantly against the evidence.

Testifying for the Commonwealth Henry Miller, a constable of Letcher county, stated that upon the occasion in question "I saw him (appellant) coming down the road below Blackey intoxicated. He had some saddlebags under him and was riding a horse. I undertook to arrest him and he run off and after he ran away from me I saw him throw a bottle which struck a rock and I went to the place and saw where the bottle had been broken and could smell whiskey." Ed Blair and Sam Stamp, also testifying for the Commonwealth, stated that they were present and saw appellant throw the bottle away but that they did not detect any odor of whiskey at the place where the bottle was broken.

Appellant testifying for himself denied that he had any whiskey, but admitted that he had and threw away a bottle in which "I had some home brew or something of that kind which I bought from a negro," and that same was intoxicating.

The only question at issue upon this evidence was whether or not the bottle, which defendant threw away as he attempted to escape arrest, contained whiskey, as the evidence of the officer and the conduct of defendant himself indicated, or home brew or some other intoxicant as the appellant testified. This being true the question of whether the bottle contained whiskey was clearly for the jury, and it can not be said that their conclusion is unsupported by or flagrantly against the evidence.

Judgment affirmed.